UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES PALACIOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERSTATE HOTELS & RESORTS INC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05799-TSH<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## I.   INTRODUCTION

Plaintiff Mercedes Palacios brings this discrimination case against her former employer, Defendant Interstate Management Company LLC.[1] Interstate moves to dismiss Palacios's seventh and eighth causes of action brought under California's Fair Employment Housing Act, arguing she failed to timely file her claims under the applicable statute of limitations, and they are therefore subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Palacios opposes the motion, arguing the statute of limitations was tolled by Judicial Council of California's Emergency Rule 9, adopted in response to the COVID-19 pandemic. ECF No. 14. The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 30, 2021 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Interstate's motion for the following reasons.[2]

---

[1] Although Palacios named both "Interstate Management Company, LLC" and "Interstate Hotels and Resorts, Inc." as defendants, Interstate clarified that she was employed by Interstate Management Company, LLC at all times relevant to this matter. Mot. at 2 n.1. Palacios did not dispute this in her opposition.

[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 12, 13.

## II. BACKGROUND

Palacios worked as a room attendant for Interstate from approximately October 26, 2015 to November 5, 2019, at which time she was terminated. Reed Decl., Ex. A (Compl.) ¶¶ 11, 43, ECF No. 2-1. On January 31, 2020, she received a right to sue notice from the California Department of Fair Employment and Housing ("DFEH"). *Id.* ¶ 50. On February 3, 2021, she filed the present complaint in San Francisco County Superior Court, Case Number CGC-21-589625, alleging ten causes of action: (1) Failure to Pay All Hours Worked, Cal. Lab. Code §§ 201, 204; (2) Failure to Pay All Overtime Hours Worked, Cal. Lab. Code §§ 510, 1194(a); (3) Failure to Provide Meal Periods, Cal. Lab. Code § 226.7(a); (4) Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7(a); (5) Wage Statement Violations, Cal. Lab. Code § 226(a); (6) Waiting Time Penalties, Cal. Lab. Code §§201-03; (7) Discrimination under the Fair Employment Housing Act ("FEHA"), Cal. Gov't Code § 12940(a); (8) Retaliation under FEHA, Cal. Gov't Code §12940(h); (9) Wrongful Termination in Violation of Public Policy, Cal. Gov't Code §§ 12900, et seq.; and (10) Unfair Competition in Violation of California Business and Professions Code §§ 17200, et seq.

Interstate removed the case to this Court on July 28, 2021. ECF No. 1. It filed the present motion on August 4, 2021. Interstate argues Palacios's FEHA claims are barred because she received the right to sue notice from the DFEH on January 31, 2020, but she did not file this case until February 3, 2021, more than one calendar year later and beyond the time permitted under FEHA.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B.   **Statute of Limitations**

If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). This is true even though expiration of the limitations period is an affirmative defense, because Rule 9(f) of the Federal Rules of Civil Procedure "makes averments of time and place material for the purposes of testing the sufficiency of a complaint." *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1950). When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required

1  liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at
2  682. In contrast, where the statute of limitations question turns on factual issues that may be
3  disputed, the question is more appropriately addressed at a later stage of the proceeding. *Id.*

## IV.    DISCUSSION

Palacios's state law claims are governed by California's statutes of limitations. *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1015 (C.D. Cal. 2011). Under FEHA, an administrative complaint must be filed with DFEH within three years of the date of the alleged discriminatory action. Cal. Gov't Code § 12960(d). If DFEH decides not to pursue the matter, it must issue a right-to-sue letter no later than a year after the complaint is filed. *Id.* § 12965(b). The complainant then has one year from the date of that letter to file a civil action. *Id.* § 12965(d)(2) ("The time for commencing an action . . . [is] one year from the date of the right-to-sue notice by [DFEH]"); *see also Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal. 4th 665, 671 n.1 (2010). Obtaining a right to sue notice is a necessary predicate to the filing of an action under FEHA. *Westrec Marina Mgmt., Inc. v. Arrowood Indemnity Co.*, 163 Cal. App. 4th 1387, 1392 (2008). "Section 12965's one-year deadline from the right-to-sue notice is 'a condition on a substantive right rather than a procedural limitation period for commencement of an action.'" *Acuna v. San Diego Gas & Electric Co.*, 217 Cal. App. 4th 1402, 1413 (2013) (quoting *Williams v. Pacific Mutual Life Ins. Co.*, 186 Cal. App. 3d 941, 949 (1986)). "Thus, it 'cause[s] the right which previously arose and on which a suit could have been maintained, to expire.'" *Id.* (quoting *Williams*, 186 Cal. App. 3d at 949). The one-year statute of limitations is therefore "strict" – an employee claiming discrimination under FEHA has only one-year to bring an action from the date of the right to sue letter. *Id.* (citing Cal. Gov't Code § 12960(b)).

Here, it is undisputed that Palacios received a right to sue notice from DFEH on January 31, 2020, and that she filed her complaint over one year later on February 3, 2021. Palacios also does not dispute that, in ordinary times, California Government Code section 12965(b) would require her to bring suit within one year of DFEH's notice. However, she argues her complaint was timely filed under emergency rules promulgated by the Judicial Council of California ("JCC")

4

1 as a result of the COVID-19 pandemic.  Opp'n at 2-3; *see* Judicial Council of Cal., Emergency

2 Rules Related to COVID-19, available at https://www.courts.ca.gov/documents/appendix-i.pdf.

3       JCC's Emergency Rule 9 provides: "Notwithstanding any other law, the statutes of

4 limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020,

5 until October 1, 2020."  By its terms, "Emergency rule 9 is intended to apply broadly to toll any

6 statute of limitations on the filing of a pleading in court asserting a civil cause of action."  Judicial

7 Council of Cal., Advisory Comm. Comment.  The JCC also posted a News Release regarding

8 Emergency Rule 9, emphasizing that "[t]he rule is broad in scope and applies to all civil causes of

9 action."  *See* https://beta.newsroom.courts.ca.gov/news/judicial-council-revises-emergency-rule-

10 statutes-limitations-civil-cases.  Thus, with respect to Palacios's FEHA causes of action, the

11 practical effect of Emergency Rule 9 is to extend the time for her to file such claims from

12 February 1 to July 29.  As such, the Court finds her claims are timely.

13       Interstate argues there is no indication that "JCC meant to cover California Government

14 Code Section 12965(b).  As no such intent can be inferred from, or specifically read into, the

15 statutory language, [and] it would be improper to extend Plaintiff's statute of limitations without

16 clear instruction to do so."  Reply at 3, ECF No. 15.  Interstate notes that Emergency Rule 9 is

17 accompanied by a Circulating Order Memorandum, which enumerates several avenues explicitly

18 covered by Emergency Rule 9, including the California Environmental Quality Act, the Family

19 Code, the Code of Civil Procedure, the Probate Code, and the Public Resources Code.  *See id.*; *see*

20 *also id.*, Ex. A.  Interstate notes that "[n]owhere in the memorandum is this tolling extended to the

21 California Government Code."  *Id.* at 3.  However, for the purpose of statutory construction,

22 courts typically follow common-sense canons of statutory interpretation.  For instance, words or

23 phrases should be interpreted in light of the other words around the statute.  *See, e.g. People v.*

24 *Prunty*, 62 Cal. 4th 59, 73 (2015).  Additionally, catch-all phrases should be limited by specific

25 words or contextual information around them.  *See, e.g., California Cannabis Coal. v. City of*

26 *Upland*, 3 Cal. 5th 924, 939 (2017), *as modified on denial of reh'g* (Nov. 1, 2017).

27       Here, the Advisory Committee's note explains that Emergency Rule 9 is intended to apply

28 "broadly" and to toll "any" statute of limitations in a civil cause of action.  A common sense

United States District Court
Northern District of California

reading of this language makes clear that no exclusions were intended. As to the Advisory Committee's decision to list certain "special proceedings," the Circulating Order Memorandum makes clear that such language was intended to ensure the broad application of the rule, and that even "actions brought under the California Environmental Quality Act (CEQA), which has particularly short deadlines, generally 30 or 35 days," should not be excluded. Mem. at 3.

Interstate also notes that the only mention of the California Government Code is in a footnote on page 6 of the memorandum, which provides: "The Rule does not apply to the time limits on the submission of claims to government entities, such as those under Government Code section 911.2." Reply, Ex. A at 6 n.17. While this footnote excludes the submission of claims to government entities, it does not exclude the filing of any civil causes of action in courts.

In sum, the Court finds that Emergency Rule 9 extended the time for Palacios to file her FEHA causes of action, and that her claims are therefore timely. Accordingly, Interstate's motion must be denied.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Interstate's motion.

**IT IS SO ORDERED.**

Dated: September 7, 2021

THOMAS S. HIXSON
United States Magistrate Judge